Dear Mr. Austin:
You request clarification of Opinion Number 03-0213. This opinion concluded that river port pilot commissions are subject to audit by the Legislative Auditor. You now question if the auditor has authority to audit not only the statutorily created commissions but also the entities that they create and the associations mentioned in the statutes.
You indicate that the commissions do not participate in any financial transactions. Rather, fees assessed by a particular commission or the public service commission are collected by an association that is designated by statute. The association then delegates its authority to do so to other entities and/or related parties. You question if the Legislative Auditor my audit these entities or parties.
Although this request addresses different entities than those considered in Opinion Number 03-0213, the same legal principle applies. That is, pursuant to the Louisiana Constitution the Legislative Auditor, as fiscal advisor to the legislature, is authorized to perform the duties and functions provided by law that are related to the auditing of the state's fiscal records. The auditor is specifically empowered by statute to examine, audit, or review the books and accounts of the state treasurer, all public boards, commissions, agencies, departments, political subdivisions of the State, public officials and employees, public retirement systems, municipalities, and all other public or quasi-public agencies or bodies.[1]
We adhere to our prior opinions that pilot fee commissions are state agencies and pilot associations, although mentioned by statute, are not.[2] The associations are not actually created by statute. Rather, it is up to the particular pilots to form themselves into an association as they deem fit. Therefore, regardless of the fact that a particular association is mentioned in a statute; your duties and functions are limited to public finance. Thus, if an association is not an instrumentality of the state, we cannot conclude that you may audit them.
You are, however, authorized by statute to audit all quasi-public agencies or bodies. A quasi-public agency, in sum, is created by the state to perform a public purpose and has one of the following characteristics: (1) its governing body is elected by the general public or a majority of its governing body is appointed by a governmental entity or governmental official; etc. (2) it receives proceeds of an ad valorem tax or general sales tax levied for its operations; etc.[3] If the association or entity fits within this definition, it may be a quasi-public agency or body and therefore subject to audit. Such a determination is based in fact on a case-by-case basis.
We trust that this adequately responds to your request. If you have any questions, please contact us. With kindest regards,
Yours very truly,
CHARLES C. FOTI, JR.
Attorney General
BY: ________________________________
TINA VICARI GRANT
Assistant Attorney General
CCF, jr./TVG/dam
[1] Article 3, Section 11 of the Louisiana Constitution and La.R.S.24:513.
[2] Attorney General Opinion Number 01-0223.
[3] La.R.S. 24:513.